UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

QIN CHEN, ZAI SONG CHEN, YAO FU,
and ZHEN RONG LIN,

          *Plaintiffs*,

   -against-

KAIJOU RESTAURANT, et al.

          *Defendants*.

-----------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-21-16

13 Civ. 8968 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiffs Qin Chen, Zai Song Chen, Yao Fu, and Zhen Rong Lin claim their former employer Kaijou restaurant, and various other corporate entities and individuals, violated minimum wage and overtime requirements of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Plaintiffs and Defendant Margaret Liu, a minority owner of Kaijou, cross-move for summary judgment, pursuant to Fed. R. Civ. P. 56, on whether Liu was Plaintiffs' "employer" as defined by the FLSA and the NYLL. Since there are genuine disputes as to material facts, both motions are DENIED.

Kaijou was a Japanese restaurant in Battery Park City, which operated from April 2007 to August 2012. Pl. 56.1 Stmt, Dkt. 65 ¶¶ 1, 4, 12. Qin Chen and Yao Fu worked as waiters, and Zai Song Chen and Zhen Rong Lin as deliverymen. *Id.* ¶¶ 13, 16, 20, 25. When Kaijou opened, Liu was a shareholder of MJK Restaurant, Inc., the parent which owned the restaurant. *Id.* ¶ 3. Liu became a minority owner of the restaurant, investing approximately $100,000 over the years. *Id.* ¶¶ 2, 3, 30, 32. Liu maintained an ownership share until Kaijou closed in August 2012. *Id.* ¶

1

54. The parties dispute the extent of Liu's involvement in Kaijou's management and operations.

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court "resolve[s] all ambiguities and draw[s] all reasonable inferences in the light most favorable to the nonmoving party." *Summa v. Hofstra Univ.*, 708 F.3d 115, 123 (2d Cir. 2013). The Court grants summary judgment only where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Smith v. Cty. of Suffolk*, 776 F.3d 114, 121 (2d Cir. 2015) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

Liu may be personally liable to Plaintiffs under the FLSA and NYLL, but only if she was their "employer" under the statutes. *See Irizarry v. Catsimatidis*, 722 F.3d 99, 102 (2d Cir. 2013). "[T]he determination of whether an employer-employee relationship exists for purposes of the FLSA should be grounded in economic reality rather than technical concepts." *Id.* at 104 (internal quotation marks omitted). The FLSA is not helpful in defining "employer," since it uses the very word it seeks to define: "'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee." *Id.* at 103 (quoting 29 U.S.C. § 203(d)). But the Second Circuit has established four factors to determine the "economic reality" of an employment relationship: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* at 105 (quoting *Carter v. Duchess Comm. Coll.*, 735 F.3d 8, 12 (2d Cir. 1984)).

The Second Circuit has cautioned that "[o]wnership, or a stake in a company, is

insufficient to establish that an individual is an 'employer'"; the individual must "possess control over a company's actual 'operations' in a manner that relates to a plaintiff's employment." *Id.* at 109, 111. But operational control need not be exercised constantly for an individual to be liable; "[c]ontrol may be restricted, or exercised only occasionally, . . . since such limitations on control do not diminish the significance of its existence." *Id.* at 110 (quoting *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999)). At bottom, the analysis depends on "the totality of the circumstances." *Id.* at 111.

"The NYLL defines 'employer' as 'any person . . . employing any individual in any occupation, industry, trade, business or service' or 'any individual . . . acting as employer.'" *Id.* at 117 (quoting N.Y. Lab. Law §§ 190(3), 651(6)). While the New York Court of Appeals has not addressed whether the tests for "employer" status are the same under the FLSA and NYLL, "district courts in this Circuit have interpreted the definition of employer under the [NYLL] coextensively with the definition used by the FLSA." *Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114, 134 (S.D.N.Y. 2014) (internal quotation marks omitted). A coextensive interpretation is appropriate here because any difference between the two definitions "would be immaterial to the facts of this case." *Id.*

There is evidence in the record from which a rational factfinder could find that Liu was Plaintiffs' "employer." All four Plaintiffs affirm that Liu was often in the restaurant and frequently spoke with them and other staff, giving comments about how they were doing their job. Q. Chen Aff., Dkt. 64-1 Ex. 4 ¶¶ 19-22; Z. Chen Aff., Dkt. 64-1 Ex. 5 ¶¶ 15-17; Fu Aff., Dkt. 64-1 Ex. 6 ¶¶ 30-32; Lin Aff., Dkt. 64-1 Ex. 7 ¶¶ 45, 57-59. Based on those experiences, Plaintiffs viewed Liu as their "boss" and ultimate supervisor. Q. Chen Aff. ¶¶ 18, 28, 51; Z. Chen Aff. ¶¶ 4, 14, 18; Fu Aff. ¶¶ 28-29, 36, 41; Lin Aff. ¶¶ 25, 33. Qin Chen affirms that Liu

gave guidance to Paula, Chen's immediate supervisor, regarding waitresses' schedules and directed Chen and the other waitresses to wear a particular dress as their uniform. Q. Chen Aff. ¶¶ 13, 14, 81-87. Several Plaintiffs also describe an incident in August 2010 in which they complained to Liu about Raymond Yau, a manager at Kaijou at the time. Q. Chen Aff. ¶¶ 62-66; Z. Chen. Aff. ¶ 20-21; Fu Aff. ¶ 60. After the conversation, Liu came to the restaurant and spoke with Yau. Q. Chen Aff. ¶¶ 67-68. Plaintiffs state that soon thereafter Yau was fired, and Liu announced that he would be replaced by Harvey Xu. Q. Chen Aff. ¶¶ 78-79; Z. Chen. Aff. ¶ 22; Fu Aff. ¶¶ 61-63.

But there is other evidence which points in a different direction, so that a rational factfinder could find that Liu was *not* Plaintiffs' "employer." Raymond Yau affirms that Liu had no involvement in the restaurant's operations and had no input or control over schedules and compensation. Yau Decl., Dkt. 78 ¶ 4. Henry Xu (the manager who replaced Yau) testified that Liu was not involved in restaurant operations, never talked to the other owners about management decisions, and did not play a role in supervising Plaintiffs. Xu Dep., Dkt. 77-1 at 19, 21, 62, 74, 87. Liu herself affirms that she was never consulted about matters pertaining to management, including hiring and firing of managers and employees, work schedules, or compensation. Liu Decl., Dkt. 76 ¶ 10. All three state that Liu did not maintain employment records. Yau Decl. ¶ 4; Xu Dep. at 19; Liu Decl. ¶ 11.

4

Given genuine disputes as to material facts, summary judgment cannot be granted and the cross-motions for summary judgment are DENIED.

The parties are directed to appear at a conference scheduled for Wednesday, February 10 at 10:45 am, in Courtroom 14C. The Clerk is directed to terminate the motions at Docket 62 and 74.

Dated: New York, New York  
       January 21, 2016

SO ORDERED

/s/ Paul Crotty  
PAUL A. CROTTY  
United States District Judge